## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ANDREW F. DUFFY, JR.,        )
                                      )
                    Plaintiff,    )
v.                                 )        Case No. CIV-09-485-D
                                 )
SHANE WYATT,            )
                                 )
                  Defendant.   )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Andrew F. Duffy, Jr., a pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[1]  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial review of Plaintiff's Complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons set forth below, it is recommended that the action be dismissed as the claims raised in the Complaint fail to state a claim upon which § 1983 relief may be granted.

### I.     <u>Factual Allegations of the Complaint</u>

Plaintiff is a pretrial detainee currently incarcerated at the Grady County Detention Center (GCDC) in Chickasha, Oklahoma.  Plaintiff alleges a former inmate, who has now been released from GCDC, has filed a false repair lien on Plaintiff's car.  Plaintiff alleges he

---

[1] Thirteen days after filing this action, Mr. Duffy filed another § 1983 action currently pending in this judicial district arising out of the same events which form the basis of the claims raised in this action, though he names different individuals as defendants in that action.  *See Duffy v. Franklin, et. al*, Case No. CIV-09-529-D.  The Court has simultaneously filed a Report and Recommendation in that action recommending, as here, summary dismissal of the action.

has "requested to see police and written them to no avail." *See* Complaint at 2, ¶B(1). Plaintiff further alleges he has been denied access to a law library or law books while detained at GCDC. According to Plaintiff, as a result of being denied access to the courts, he has "lost" his car.

## II.   Plaintiff's Claims

Plaintiff brings a single claim for relief, alleging that he has been denied access to the courts. Because Plaintiff's allegations include reference to a deprivation of property without due process of law, the Complaint is liberally construed to include this claim as well. *See Haines v. Kerner*,  404 U.S. 519, 520-21 (1972).

Plaintiff names only one defendant in this action, Shane Wyatt, Administrator of GCDC. As relief, Plaintiff requests: (1) the right to file criminal complaints; (2) access to a law library or to books; (3) access to assistance from persons trained in the law; (4) restitution for his lost automobile; and (5) one million dollars in punitive damages.

## III.   Standard for Dismissal of *In Forma Pauperis* Complaint

Where a case proceeds *in forma pauperis*, the court screens the complaint to determine whether dismissal is proper for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The same standard of review applies for dismissals under § 1915(e)(2)(B)(ii) as that applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217-1218 (10th Cir. 2007).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir.1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1940.

## IV.   Analysis

### A.   Access to the Courts

The United States Supreme Court held in *Bounds v. Smith*, 430 U.S. 817 (1977) that the constitutional right of access to the courts requires prison authorities to assist prisoners in the preparation and filing of a nonfrivolous legal claim by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Id*. at 828. In

*Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court interpreted the contours of the right

of access to the courts and instructed as follows:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.

Here, Plaintiff attempts to bring a claim to challenge the validity of the repair lien and

recover his car.  Plaintiff also appears to want to pursue criminal charges against the former

inmate.  Plaintiff's allegations demonstrate he seeks to enforce his right of access to the

courts for claims not subject to constitutional protections.  *See Carper v. Deland*, 54 F.3d

613, 617 (10th Cir. 1995) (rejecting prisoners' claims alleging unconstitutional denial of

access to the courts by not providing "attorney assistance in general civil matters" and

holding: "[A]n inmate's right of access does not require the state to supply legal assistance

beyond the preparation of initial pleadings in a civil rights action regarding current

conditions of confinement or a petition for a writ of habeas corpus.").  *See also Davis v. Hill*,

No. 97-1229, 1998 WL 208863 at *2 (10th Cir. April 29, 1998) (unpublished op.) (dismissing

pre-trial detainee's claim alleging denial of access to the courts where detainee alleged he

wished to pursue general civil matters including divorce litigation; the Supreme Court did

not extend the right of access to the courts to such general litigation) (*citing Lewis*, 518 U.S.

at 355); *Irons v. Trani*, No. 06-CV-02254, 2008 WL 821903 at *6 (D. Colo. March 24, 2008)

(unpublished op.) (dismissing denial of access to courts claim based on prison officials' failure to pursue criminal charges against prisoner's attackers as the right "does not include pursuit of criminal charges against another inmate").  Therefore, Plaintiff's claim of denial of access to the courts should be dismissed for failure to state a claim upon which relief may be granted.

### B.    Deprivation of Property Without Due Process of Law

To the extent Plaintiff further alleges he has been denied property without due process of law, he fails to allege facts demonstrating that Defendant Wyatt personally participated in the alleged deprivation of his property.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("[P]ersonal participation is an essential allegation in a § 1983 claim.") (quotation omitted)).  Instead, Plaintiff's allegations charge the former inmate, a private individual, with taking his car.  To that end, Plaintiff has further failed to allege facts demonstrating the requisite state action to support a claim under § 1983.  *See Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) ("Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting 'under color of state law.'") *citing* 42 U.S.C. § 1983; *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Where allegations of unconstitutional conduct are alleged against a private individual, no § 1983 claim for relief has been stated.

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August _17th_, 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this _28th_ day of July, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

6